IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JASON PIERRE-PAUL,                                                  Case No.:

   Plaintiff,

vs.

ESPN, INC., a foreign corporation;
and ADAM SCHEFTER, an individual,

   Defendants.
_____/

## DEFENDANT ESPN, INC.'S NOTICE OF REMOVAL

Defendant, ESPN, INC. ("ESPN") submits this Notice of Removal under 28 U.S.C. § 1446 because the plaintiff and defendants are completely diverse and the damages sought exceed $75,000.00.  In support, ESPN states:

1.    28 U.S.C. § 1441(a) provides in relevant part that any action over which this Court has original jurisdiction may be removed by the defendant to the appropriate district court of the United States.

2.    28 U.S.C. § 1332(a)(1) provides in relevant part that district courts shall have original jurisdiction where the amount in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different states.  Section 1332(c)(1) further provides that a corporation shall be deemed a citizen of any state by which it is incorporated and the state where it has its principal place of business.

3.    Plaintiff, JASON PIERRE-PAUL ("Plaintiff"), instituted this action in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida on February 24,

2016, asserting a cause of action for violation of Fla. Stat. 456.057 for an internet posting on Twitter containing a photograph of Plaintiff's hand.

4. Attached as composite **Exhibit A** are true and correct copies of the summons, complaint and the other state court documents received by Defendant. Defendant ESPN was served with the summons and complaint on March 2, 2016. Defendant Schefter has not yet been served. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

5. This court has jurisdiction over this matter under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Plaintiff alleges that he is, and was at the institution of this civil action, a resident of Miami-Dade County, Florida. *See* Plaintiff's Compl. at ¶ 2. It is well settled that for diversity purposes, a person is considered a citizen of the state where that person is domiciled. *See McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002); *Lazo v. U.S. Airways, Inc.,* Case No. 08-80391-CIV, 2008 WL 3926430 (S.D. Fla. Aug. 21, 2008).

7. Defendant ESPN is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business in the State of Connecticut. Plaintiff's Compl. at ¶ 3. ESPN is therefore a citizen of Connecticut, and/or Delaware, for purposes of diversity jurisdiction.

8. Defendant Adam Schefter is, and was at the time of the institution of this civil action, a resident of and is domiciled in the state of New York. Mr. Schefter is therefore a citizen of New York for purposes of diversity jurisdiction.

9. Thus, diversity of citizenship exists between the parties. *See Kong v. Allied Professional Ins. Co.*, 750 F.3d 1295 (11th Cir. 2014); *Drew v. Safeco Ins. Co. of Ill.*, 578 Fed.Appx. 954 (11th Cir. 2014).

10. Regarding damages, Plaintiff's Complaint alleged only that this matter exceeds the state circuit court's minimum jurisdictional amount of $15,000.00. However, a Plaintiff "cannot avoid removal by declining to allege the jurisdictional amount." *Angrignon v. KLI, Inc.,* Case No. 08-81218-CIV, 2009 WL 506954, at * 3 (S.D. Fla. Feb 27, 2009).

11. Rather, where the complaint does not allege a specific amount of damages sought, the Notice of Removal must plausibly allege that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

12. Here, there is no dispute that the amount in controversy exceeds $75,000. To clear up any potential ambiguity in the allegations of the Complaint, Mr. Siegel, one of Defendants' counsel, called Mr. Lukacs, one of Plaintiff's counsel, to inquire whether Plaintiff in fact seeks more than $75,000 in damages in this lawsuit. On March 3, 2016, Mr. Schuster, Plaintiff's co-counsel, returned the call. Mr. Siegel explained that Defendants would remove this lawsuit to federal court if more than $75,000 in damages was being sought, and asked Mr. Schuster if that is the case. Mr. Schuster replied, unequivocally, that Plaintiff is in fact seeking more than $75,000 in damages.

13. On March 7, 2016, Mr. Siegel sent an e-mail to Plaintiff's counsel confirming the conversation. See **Exhibit B**.

14. Plaintiff's counsel has never disavowed Mr. Schuster's good-faith representation. Subsequently, Mr. Schuster replied to Mr. Siegel's e-mail, "I need to confer with my colleagues and client on this point and will get back to you shortly." See **Exhibit C**. However, notwithstanding further inquiries, no further response on this point has been forthcoming, nor has any of Plaintiff's counsel ever suggested that Mr. Schuster's representation was erroneous. Indeed, Plaintiff is a national sports celebrity who recently signed a one-year contract with the New York Giants for $10.5 million, has retained two law firms to litigate this case, and is suing the world's largest sports-related television network for compensatory and punitive damages over a news report on Twitter that the Complaint alleges was distributed to 4 million people and subsequently became a national story. His counsel's representation that he is in fact seeking more than $75,000 in damages comports with common sense.

15. Based on the foregoing, Plaintiff seeks more than $75,000 in damages, exclusive of interests and costs.

16. This case is being removed to the United States District Court for the Southern District of Florida because this district encompasses the state court from which this case is being removed, that being the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See* 28 U.S.C. § 89(b).

17. Written notice of the filing of this Notice of Removal will be provided to plaintiff pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached as **Exhibit D**. A duplicate copy of this Notice of Removal will be filed with the Clerk of the Miami-Dade County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants, desiring to remove this case to the United States District Court for the Southern District of Florida, requests that the filing of this Notice of Removal with this Court and the filing the Notice of Removal with the Clerk of the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida shall effect the removal of this case.

        THOMAS & LoCICERO PL
*Attorneys for Defendants*
401 SE 12th Street, Suite 300
Fort Lauderdale, FL  33316
Phone:  (954) 703-3416
Fax:  (954) 400-5415


By: */s/Deanna K. Shullman*
   Deanna K. Shullman
   Florida Bar No. 514462
   Allison S. Lovelady
   Florida Bar No. 70662

      and

   Nathan Siegel
   (*pro hac vice forthcoming*)
   Adam Lazier
   (*pro hac vice forthcoming*)
   Levine Sullivan Koch & Schulz LLP
   1899 L Street, NW
   Suite 200
   Washington, DC 20036

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via email to those on the attached service list on this 31st day of **March, 2016**.

By: */s/*Deanna K. Shullman\_\_\_\_
Attorney

## SERVICE LIST
*Jason Pierre-Paul v. ESPN et al*

John C. Lukacs, Sr., Esq.
jlukacs@hinshawlaw.com
Hinshaw & Culbertson LLP
2525 Ponce de Leon Blvd
4th Floor
Coral Gables, Florida 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063

Mitchell Schuster, Esq.
ms@msf-law.com
Kevin Fritz, Esq.
kaf@msf-law.com
Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: 212-655-3570
Facsimile:  212-655-3535