# EXHIBIT A

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 2016-004540-CA-01

JASON PIERRE-PAUL, an individual,

    Plaintiff,

v.

ESPN, INC., a foreign corporation; and
ADAM SCHEFTER, an individual;

    Defendants.

_____/

DATE: 3/2/16
TIME: 16:53
SERVER INTLS:

### SUMMONS

**TO THE STATE OF FLORIDA**
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint, in this
lawsuit on Defendant:

ESPN, Inc.
By serving Agent: ESPN Enterprises, Inc.
ESPN Plaza
Attn: Legal Dept.
Bristol. CT 06010

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's
attorney, to wit:

John C. Lukacs, Esquire
Hinshaw & Culbertson LLP
2525 Ponce de Leon Boulevard, 4th Floor
Miami, Florida 33134
Telephone: (305) 358-7747
Facsimile: (305) 577-1063
jlukacs@hinshawlaw.com

1

within **20 days** after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED: February 25, 2016.

**HARVEY RUVIN**
Clerk of the Court     MAR 0 2 2016

By:     HECTOR PUPO
_____
As Deputy Clerk

**IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT THE MIAMI-DADE COUNTY COURT'S ADA COORDINATOR AT LAWSON E. THOMAS COURTHOUSE CENTER, 175 N.W. 1ST AVE., SUITE 2702, MIAMI, FL 33128, TELEPHONE NUMBERS (305) 349-7175 FOR VOICE OR (305) 349-7174 FOR TDD AND 349-7355 FOR FAX, WITHIN TWO WORKING DAYS OF YOUR RECEIPT OF THIS DOCUMENT. IF YOU ARE HEARING OR VOICE IMPAIRED, PLEASE CALL 711 FOR THE FLORIDA RELAY SERVICE.**

15191931v1 A4339

15191937v1 A4339

Filing # 38231272 E-Filed 02/24/2016 03:51:07 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH  JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE  COUNTY, FLORIDA

Case No.: _____
Judge: _____

Jason Pierre-Paul
Plaintiff
            vs.
ESPN, Inc., Adam Schefter
Defendant

### II.   TYPE OF CASE

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead residential foreclosure $0 – 50,000
   ☐ Homestead residential foreclosure $50,001 - $249,999
   ☐ Homestead residential foreclosure $250,000 or more
   ☐ Non-homestead residential foreclosure $0 - $50,000
   ☐ Non-homestead residential foreclosure $50,001 - $249,999
   ☐ Non-homestead residential foreclosure $250,00 or more

☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical
   ☐ Malpractice – other professional
☒ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☐ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.  **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

IV.  **NUMBER OF CAUSES OF ACTION:** (    )
(Specify)

<u>2</u>

V.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ John C. Lukacs Sr.</u>     FL Bar No.: <u>362727</u>
        Attorney or party                                                 (Bar number, if attorney)

        <u>John C. Lukacs Sr.</u>   <u>02/24/2016</u>
            (Type or print name)                          Date

Filing # 38231272 E-Filed 02/24/2016 03:51:07 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

Case No:

JASON PIERRE-PAUL, an individual,

      Plaintiff,

v.

ESPN, INC., a foreign
corporation; and ADAM SCHEFTER,
an individual;

      Defendants.

_____/

### COMPLAINT

    Plaintiff, JASON PIERRE-PAUL, an individual ("Plaintiff"), by and through undersigned counsel, hereby sues defendants ESPN, Inc., a foreign corporation ("ESPN"); and ADAM SCHEFTER, an individual ("Schefter" and collectively with the Trust and ESPN, "Defendants"); to recover damages for violation of Florida Statute § 456.057 and invasion of privacy. In support thereof, Plaintiff states as follows:

    1.    This action arises out of ESPN reporter Schefter's blatant disregard for the private and confidential nature of Plaintiff's medical records, all so Schefter could show the world that he had "supporting proof" of a surgical procedure. Schefter improperly obtained Plaintiff's medical records from a hospital and then, out of a selfish desire to "break news," electronically blasted the records to his approximately 4 million Twitter followers and made it available to anyone worldwide with Internet access. After facing a

[6922-3/4901384/1]               1                        15191493v1 A4339

firestorm of public backlash for his intentional invasion of Plaintiff's privacy, Schefter then admitted to *Sports Illustrated* that he "could have and should have done even more" to protect Plaintiff's private medical records, and that the only reason why he publicized them was out of fear that his report of the surgery would be "questioned." Stated differently, to prove the accuracy of his report that a surgery occurred, which surgery would not and could not be denied, Schefter made Plaintiff's medical records available to the world.

## GENERAL ALLEGATIONS
## PARTIES

2.     Plaintiff is an individual domiciled in Miami, FL and is *sui juris*. At all times material hereto, Plaintiff was a professional football player for the New York Giants of the National Football League (the "NFL").

3.     ESPN is a foreign corporation whose principal address and place of business is ESPN Plaza, Bristol, CT 06010. At all material times hereto, ESPN conducted continuous and systematic business in the State of Florida.

4.     ESPN's website touts itself as "The Worldwide Leader in Sports" and "the leading multinational, multimedia sports entertainment company featuring the broadest portfolio of multimedia sports assets with over 50 business entities."

5.     Schefter is an individual and is *sui juris*. At all times material hereto, Schefter was an employee or agent of ESPN, and regularly appeared as a reporter/analyst on a variety of ESPN's television programs, including *NFL Insiders*, *NFL Live*, *Sunday*

*NFL Countdown*, *Monday Night Countdown*, and *SportsCenter*. At all material times hereto, Schefter conducted continuous and systematic business in the State of Florida.

6.    ESPN's website claims that Schefter is "one of the top reporters in the industry, especially when it comes to breaking news" and that "Schefter was named 'the most influential New Yorker on Twitter,' according to date from social media company PeerIndex."

7.    In addition to those persons and entities set forth as Defendants herein, there are likely other parties who may well be liable to Plaintiff, but respecting whom Plaintiff currently lacks specific facts to permit him to name such persons as parties defendant. By not naming such persons or entities at this time, Plaintiff is not waiving his right to amend this pleading to add such parties, should the facts warrant adding such parties.

## JURISDICTION AND VENUE

8.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees; and in all respects meets or exceeds the jurisdictional requirements of this Court pursuant to Florida Statute § 26.012.

9.    This Court has personal jurisdiction over Defendants because: (a) Defendants are operating, present, and/or doing business within this jurisdiction and/or (b) Defendants' breaches and tortious activity occurred within this jurisdiction.

10.    Venue of this action is proper in this Court pursuant to Florida Statutes §§ 47.011, *et seq.*, as the causes of action alleged herein arose in Miami-Dade County, FL.

11.    All conditions precedent to bringing this action have been satisfied.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

12.     On July 4, 2015, Plaintiff sustained a serious hand injury in a fireworks accident.

13.     Thereafter, Plaintiff was admitted to Jackson Memorial Hospital in Miami, FL (the "Hospital") for treatment of his injuries.

14.     Non-party Public Health Trust of Miami-Dade County is a quasi-governmental agency established by the Board of County Commissioners of Miami-Dade County and under the authority of Florida Statutes, Sections 154.07 through 154.12, for the purpose of exercising supervisory control over the operation, maintenance and governance of the Jackson Health System, which includes, among other hospitals, the Hospital.

15.     The Hospital created, maintained and stored Plaintiff's medical records, which contained his treatment and diagnosis, and which are private and confidential.

16.     The Hospital disclosed Plaintiff's medical records, including a photograph/image of a chart reflecting the amputation of Plaintiff's right index finger (the "Chart"), to Schefter and possibly other third parties, without Plaintiff's written authorization.

17.     On July 8, 2015, Schefter then distributed the Chart to his 3.86 million Twitter followers, which Tweet is now available to anyone with access to the Internet (the "Twitter Message").[1]

---

[1] According to its website, Twitter "is a service for friends, family, and coworkers to communicate and stay connected through the exchange of quick, frequent messages. People post Tweets, which may contain photos,

15191493v1 A4339

18. In the Twitter Message, and above the Chart, Schefter wrote: "ESPN obtained medical charts that show Giants DE Jason Pierre-Paul had right index finger amputated today."

19. In a subsequent interview with *Sports Illustrated*, Schefter admitted "… in hindsight, I could have and should have done even more here due to the sensitivity of the situation."

20. In that same interview, Schefter acknowledged the difference between (a) reporting on Plaintiff's surgery and (b) disclosing Plaintiff's medical records: "NFL reporters report on all kinds of medical information on a daily basis. That's part of the job. The only difference here was that there was a photo."

21. In that same interview, Schefter admitted that he disclosed Plaintiff's medical records merely because he was concerned that people would doubt the accuracy of his report that the surgery had occurred: "[I]n a day and age in which pictures and videos tell stories and confirm facts, in which sources and their motives are routinely questioned, and in which reporters strive to be as accurate as possible, this was the ultimate supporting proof."

---

videos, links and up to 140 characters of text. These messages are posted to your profile, sent to your followers, and are searchable on Twitter search."

A "Tweet" is "any message posted to Twitter which may contain photos, videos, links and up to 140 characters of text."

Twitter's website explains that "following" someone "means you've chosen to subscribe to their Twitter updates. When you follow someone, every time they post a new message, it will appear on your Twitter home page." "Your followers read your Tweets. If your Tweets are public, anyone who runs a search for a keyword in your Tweet may be able to see that message. Your Tweets are public by default…."

## COUNT I
### (Violation of Fla. Stat. 456.057 Against Schefter)

22.     Plaintiff re-alleges, and adopts by reference herein, paragraphs 1 - 20 above, and further alleges:

23.     Florida Statute § 456.057 creates a broad doctor-patient privilege of confidentiality.

24.     The Hospital is a "records owner" as that term is defined by Florida Statute § 456.057(1).

25.     The Chart, and the other reports and records of the Hospital's examination and treatment of Plaintiff, are protected from disclosure by Florida Statute § 456.057.

26.     Florida Statute § 456.057(7)(a) provides that "such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient, the patient's legal representative, or other health care practitioners and providers involved in the patient's care or treatment, except upon written authorization from the patient."

27.     The Hospital's disclosure of Plaintiff's medical records without his written authorization constitutes a violation of Florida Statute § 456.057.

28.     Florida Statute § 456.057(11) states:

> Records owners are responsible for maintaining a record of all disclosures of information contained in the medical record to a third party, including the purpose of the disclosure request. The record of disclosure may be maintained in the medical record. *The third party to whom information is disclosed is prohibited from further disclosing any information in the medical record without the expressed written consent of the patient or the patient's legal representative.* (Emphasis added).

15191493v1 A4339

29.     Because the Hospital disclosed the Chart to Schefter, he was prohibited from further disclosing it or any information therein without the expressed written consent of Plaintiff or Plaintiff's legal representative, which consent was never sought or obtained.

30.     Schefter's disclosure of the Chart constitutes a violation of Florida Statute § 456.057.

31.     As a result of the violation of the statute, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, JASON PIERRE-PAUL, an individual demands judgment against defendant ADAM SCHEFTER, an individual, for an amount within the jurisdictional limits of this court, including an award of interests and costs. Plaintiff reserves the right to seek leave of court to assess punitive damages against the Trust and Schefter.

## COUNT II
### (Invasion of Privacy Against Schefter)

32.     Plaintiff re-alleges, and adopts by reference herein, paragraphs 1 - 30 above, and further alleges:

33.     Schefter disclosed the private Chart to the public by posting it on his Twitter account, which is publicly accessible by anyone who can connect to the Internet.

34.     The Chart was private and not generally known.

35.     The publication of the Chart was highly offensive to a reasonable person of ordinary sensibilities.

36.     The Chart, as distinguished from the amputation of Plaintiff's right index finger, was not a matter of legitimate public concern.

37.     Stated differently, while the amputation may have been of legitimate public concern, the Chart itself was not.

38.     As a result of the invasion of privacy, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, JASON PIERRE-PAUL, an individual, demands judgment against defendant ADAM SCHEFTER, an individual, for an amount within the jurisdictional limits of this court, including an award of interests and costs. Plaintiff reserves the right to seek leave of court to assess punitive damages against Schefter.

## COUNT III
### (Respondeat Superior Against ESPN)

39.     Plaintiff re-alleges, and adopts by reference herein, paragraphs 1 - 37 above, and further alleges:

40.     Schefter was an agent or employee of ESPN and was acting within the scope of such agency or employment when he improperly disclosed the Chart to his millions of Twitter follows and anyone else with access to the Internet.

41.     Schefter's publication of the Chart was done with the purpose of benefiting ESPN's interests.

42.     Being the first to report information pertaining to the NFL or its players is Schefter's primary role for ESPN.

43.     ESPN benefitted from Schefter's violation of Florida Statute § 456.057 and invasion of privacy because being the first to report information pertaining to the NFL or

15191493v1 A4339

its players attracts viewers, which increases ESPN's ratings, which results in more advertising revenue for ESPN.

44.     ESPN is liable for Schefter's violation of Florida Statute § 456.057 and invasion of privacy committed in the course and scope of his agency or employment under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff, JASON PIERRE-PAUL, an individual, demands judgment against defendant ESPN, a foreign corporation, for an amount within the jurisdictional limits of this court, including an award of interests and costs. Plaintiff reserves the right to seek leave of court to assess punitive damages against ESPN.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action of all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to further amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

15191493v1 A4339

Dated: February 24, 2016.

Respectfully submitted,

**MEISTER SEELIG & FEIN LLP**[2]
Mitchell Schuster, Esq.
ms@msf-law.com
Kevin Fritz, Esq.
kaf@msf-law.com
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3570
Facsimile: (212) 655-3535
*Attorneys for Plaintiff*

and

**HINSHAW & CULBERTSON LLP**

By:    *s/John C. Lukacs, Sr.*
John C. Lukacs, Sr., Esquire
jlukacs@hinshawlaw.com
FNB: 362727
2525 Ponce de Leon Boulevard
4th Floor
Coral Gables, Florida 33134
Telephone: (305) 358-7747
Facsimile: (305) 577-1063
*Attorneys for Plaintiff*

---

[2] Pursuant to Rule 2.510, Fla. R. Jud. Admin., a Verified Motion to Appear Pro Hac Vice has been filed contemporaneously herewith.

Filing # 38231272 E-Filed 02/24/2016 03:51:07 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

Case No.

JASON PIERRE-PAUL, an individual,

      Plaintiff,

v.

ESPN, INC., a foreign
corporation; and ADAM SCHEFTER,
an individual;

      Defendants.

_____/

### VERIFIED MOTION OF MITCHELL SCHUSTER FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

Movant, Mitchell Schuster, of the firm Meister Seelig & Fein LLP moves for special

admission to appear in this case for plaintiff Jason Pierre-Paul, and states as follows:

    1. Movant resides in New York and is not a resident of the State of Florida.

    2. Movant is an attorney and a member of the law firm of Meister Seelig & Fein

LLP, 125 Park Avenue, 7th floor, New York, NY 10017, telephone 212-655-3500.

    3. Movant has been retained as a member of the above named law firm by Plaintiff

to provide legal representation in connection with the above-styled manner now pending before

the above-named court of the State of Florida.

    4. Movant is an active member in good standing and currently eligible to practice

law in the following jurisdictions:

| JURISDICTION | BAR NUMBER/YEAR |
|---|---|
| New York State Courts | 2300648/1990 |

5. There have been no disciplinary, suspension, disbarment, or contempt proceedings initiated against Movant in the preceding five (5) years, except as provided below (give jurisdiction of proceeding, date upon which proceeding was initiated, nature of alleged violation, statement of whether the proceeding has concluded or is still pending, and sanctions, if any, imposed). None.

6. Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

7. Movant is not an inactive member of The Florida Bar.

8. Movant is not now a member of The Florida Bar.

9. Movant is not a suspended member of The Florida Bar.

10. Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation from The Florida Bar.

11. Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510, except as provided below (give date of disciplinary action or contempt, reasons therefor, and court imposing contempt):    None.

[6922-3/4902300/1]                            2

12. Movant has filed motion(s) to appear as counsel in Florida state courts during the last five (5) years in the following matters: *Collazo v. Rodriguez et al.*, Case No. 2015-13387 CA (23).

13. Local counsel of record associated with Movant in this matter is John C. Lukacs, Sr., who is an active member in good standing of The Florida Bar and has offices at Hinshaw & Culbertson LLP, located at 2525 Ponce de Leon Boulevard, 4th Floor, Coral Gables, FL 33134, (305) 358-7747.

14. Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

15. Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this court for this cause only.


STATE OF NEW YORK

COUNTY OF NEW YORK

I, Mitchell Schuster, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

MITCHELL SCHUSTER

### CONSENT OF LOCAL COUNSEL OF RECORD

I hereby consent to be associated as local counsel of record in this cause pursuant to

Florida Rule of Judicial Administration 2.510.

Dated: February 24, 2016.

**HINSHAW & CULBERTSON LLP**

By:    *s/John C. Lukacs, Sr.*

          John C. Lukacs, Sr., Esquire
          jlukacs@hinshawlaw.com
          FNB: 362727
          2525 Ponce de Leon Boulevard
          4th Floor
          Coral Gables, Florida 33134
          Telephone: (305) 358-7747
          Facsimile: (305) 577-1063
          *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served by

U.S. Mail to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida

32399-2333 accompanied by payment of the $250.00 filing fee made payable to The Florida Bar

and has been served by electronic transmission through the Court's E-Filing portal upon all

parties on the attached Service List, on this 24th day of February, 2016.

                                   */s/ John C. Lukacs, Sr.*
                                   John C. Lukacs, Sr.

## SERVICE LIST

ESPN, Inc.
ESPN Plaza
Bristol, CT 06010

Adam Schefter
c/o ESPN, Inc.
ESPN Plaza
Bristol, CT 06010

Filing # 38231272 E-Filed 02/24/2016 03:51:07 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

Case No.

JASON PIERRE-PAUL, an individual,

      Plaintiff,

v.

ESPN, INC., a foreign
corporation; and ADAM SCHEFTER,
an individual;

      Defendants.

_____/

## VERIFIED MOTION OF KEVIN FRITZ FOR ADMISSION TO APPEAR PRO HAC VICE PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.510

Movant, Kevin Fritz, of the firm Meister Seelig & Fein LLP moves for special admission

to appear in this case for plaintiff Jason Pierre-Paul, and states as follows:

      1.  Movant resides in New York and is not a resident of the State of Florida.

      2.  Movant is an attorney and a member of the law firm of Meister Seelig & Fein

LLP, 125 Park Avenue, 7th floor, New York, NY 10017, telephone 212-655-3500.

      3.  Movant has been retained as a member of the above named law firm by Plaintiff

to provide legal representation in connection with the above-styled manner now pending before

the above-named court of the State of Florida.

      4.  Movant is an active member in good standing and currently eligible to practice

law in the following jurisdictions:

|     |     |
| --- | --- |
| JURISDICTION | BAR NUMBER/YEAR |
| New York State Courts | 4098190/2003 |

5. There have been no disciplinary, suspension, disbarment, or contempt proceedings initiated against Movant in the preceding five (5) years, except as provided below (give jurisdiction of proceeding, date upon which proceeding was initiated, nature of alleged violation, statement of whether the proceeding has concluded or is stil pending, and sanctions, if any, imposed). None.

6. Movant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate Movant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

7. Movant is not an inactive member of The Florida Bar.

8. Movant is not now a member of The Florida Bar.

9. Movant is not a suspended member of The Florida Bar.

10. Movant is not a disbarred member of The Florida Bar nor has Movant received a disciplinary resignation from The Florida Bar.

11. Movant has not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation pursuant to Florida Rule of Judicial Administration 2.510, except as provided below (give date of disciplinary action or contempt, reasons therefor, and court imposing contempt):    None.

12. Movant has filed motion(s) to appear as counsel in Florida state courts during the last five (5) years in the following matters:  *Collazo v. Rodriguez et al.*, Case No. 2015-13387 CA (23).

13. Local counsel of record associated with Movant in this matter is John C. Lukacs, Sr., who is an active member in good standing of The Florida Bar and has offices at Hinshaw & Culbertson LLP, located at 2525 Ponce de Leon Boulevard, 4th Floor, Coral Gables, FL  33134, (305) 358-7747.

14. Movant has read the applicable provisions of Florida Rule of Judicial Administration 2.510 and Rule 1-3.10 of the Rules Regulating The Florida Bar and certifies that this verified motion complies with those rules.

15. Movant agrees to comply with the provisions of the Florida Rules of Professional Conduct and consents to the jurisdiction of the courts and the Bar of the State of Florida.

WHEREFORE, Movant respectfully requests permission to appear in this court for this cause only.

STATE OF NEW YORK

COUNTY OF NEW YORK

I, Kevin Fritz, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

KEVIN FRITZ

CONSENT OF LOCAL COUNSEL OF RECORD

I hereby consent to be associated as local counsel of record in this cause pursuant to

Florida Rule of Judicial Administration 2.510.

Dated: February 24, 2016.

HINSHAW & CULBERTSON LLP

By:   s/John C. Lukacs, Sr.
John C. Lukacs, Sr., Esquire
jlukacs@hinshawlaw.com
FNB: 362727
2525 Ponce de Leon Boulevard
4th Floor
Coral Gables, Florida 33134
Telephone: (305) 358-7747
Facsimile: (305) 577-1063
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served by U.S. Mail to PHV Admissions, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2333 accompanied by payment of the $250.00 filing fee made payable to The Florida Bar and has been served by electronic transmission through the Court's E-Filing portal upon all parties on the attached Service List, on this 24th day of February, 2016.

/s/ John C. Lukacs, Sr.
John C. Lukacs, Sr.

[6922-3/4902344/1]    4

## SERVICE LIST

ESPN, Inc.
ESPN Plaza
Bristol, CT 06010

Adam Schefter
c/o ESPN, Inc.
ESPN Plaza
Bristol, CT 06010