IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

------------------------------------ x
JASON PIERRE-PAUL,

                  Plaintiff,

          -against-

ESPN, INC., a foreign corporation;
and ADAM SCHEFTER, an individual,

                  Defendants.
------------------------------------ x

Case No.: 1:16-cv-21156-Cooke/Torres

## ANSWER OF DEFENDANTS ESPN, INC. AND ADAM SCHEFTER

      Defendants ESPN, Inc. and Adam Schefter (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint of Jason Pierre-Paul ("Plaintiff") as follows, using the same headings and paragraph numbering employed by Plaintiff:

      1.    Defendants deny all allegations in Paragraph 1 of the Complaint.

## GENERAL ALLEGATIONS

## PARTIES

      2.    Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, they are denied.

      3.    Defendants admit the allegations in the first sentence of Paragraph 3 of the Complaint. The second sentence of Paragraph 3 contains legal conclusions that require no response. To the extent that any response is required, Defendants deny all remaining allegations in Paragraph 3.

      4.    Defendants admit that the statements quoted in Paragraph 4 of the Complaint appear on www.espnmediazone.com, a website controlled by ESPN, and deny all remaining allegations in Paragraph 4.

      5.    Defendants admit that Mr. Schefter was an employee of ESPN at all material times, and that he regularly appears on a variety of ESPN television programs. The final sentence of Paragraph 5 of the Complaint contains legal conclusions that require no

response.  To the extent that any response is required, Defendants deny all remaining allegations in Paragraph 5.

6. Defendants admit that the statements quoted in Paragraph 6 of the Complaint appear on www.espnmediazone.com, a website controlled by ESPN, and deny all remaining allegations in Paragraph 6.

7. Paragraph 7 of the Complaint contains legal conclusions that require no response, and factual allegations for which Defendants lack sufficient information to form a belief as to the truth or falsity thereof, and on that basis deny.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Complaint contains legal conclusions that require no response.  To the extent that any response is required, Defendants deny all allegations in Paragraph 8.

9. Paragraph 9 of the Complaint contains legal conclusions that require no response.  To the extent that any response is required, Defendants deny all allegations in Paragraph 9.

10. Paragraph 10 of the Complaint contains legal conclusions that require no response. To the extent that any response is required, Defendants deny all allegations in Paragraph 10.

11. Paragraph 11 of the Complaint contains legal conclusions that require no response. To the extent that any response is required, Defendants deny all allegations in Paragraph 11.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

12. Admitted.

13. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, they are denied.

14. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, they are denied.

15. Paragraph 15 of the Complaint contains legal conclusions that require no response, and factual allegations for which Defendants lack sufficient information to form a belief as to the truth or falsity thereof, and on that basis deny.

16. Defendants deny all allegations in Paragraph 16 of the Complaint.

17. Defendants lack sufficient information to form a belief as to the truth of Plaintiff's characterization of "the Chart" and on that basis Plaintiff's allegation that "[o]n July 8 2015 Schefter then distributed the Chart to his 3.86 million Twitter followers" is denied. Defendants deny all remaining allegations in Paragraph 17.

18. Defendants admit that Mr. Schefter posted a message on Twitter on July 8, 2015 which contained the words quoted in Paragraph 18 of the Complaint, but deny that those words appeared or were placed by Mr. Schefter above "the Chart." Defendants deny all remaining allegations in Paragraph 18.

19. Defendants admit that, in an interview with Richard Deitsch of *Sports Illustrated* published on July 12, 2015 (the "Deitsch Interview"), Mr. Schefter stated: "I know news organizations are not governed by HIPAA laws, but in hindsight I could and should have done even more here due to the sensitivity of the situation. We've got a great group of editors and production staff, and I could have leaned on them even more. ESPN has trusted me on any number of stories over the years, and granted me great latitude, fortunately. Sometimes in the fast-paced news world we live in, it's easy to forget you should lean on the knowledge and experience of the people surrounding you. They're always there for everything, but especially stories like this. On this one, there should have been even more discussion than there was due to the sensitivity of the story; that's on me." Defendants deny all remaining allegations in Paragraph 19.

20. Defendants admit that Paragraph 20 of the Complaint contains an accurate quotation from the Deitsch Interview, and deny all remaining allegations in Paragraph 20.

21. Defendants admit that Paragraph 21 of the Complaint contains an accurate quotation from the Deitsch Interview, and deny all remaining allegations in Paragraph 21.

## COUNT I

22. Because the Court has dismissed Count I, no response is required to Paragraph 22 of the Complaint.

23. Because the Court has dismissed Count I, no response is required to Paragraph 23 of the Complaint.

24. Because the Court has dismissed Count I, no response is required to Paragraph 24 of the Complaint.

25. Because the Court has dismissed Count I, no response is required to Paragraph 25 of the Complaint.

26. Because the Court has dismissed Count I, no response is required to Paragraph 26 of the Complaint.

27. Because the Court has dismissed Count I, no response is required to Paragraph 27 of the Complaint.

28. Because the Court has dismissed Count I, no response is required to Paragraph 28 of the Complaint.

29. Because the Court has dismissed Count I, no response is required to Paragraph 29 of the Complaint.

30. Because the Court has dismissed Count I, no response is required to Paragraph 30 of the Complaint.

31. Because the Court has dismissed Count I, no response is required to Paragraph 31 of the Complaint.

## COUNT II

32. Defendants hereby incorporate and adopt Paragraphs 1-30 of this Answer as if fully set forth herein.

33. Defendants deny all allegations in Paragraph 33 of the Complaint.

34. Defendants deny all allegations in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint states legal conclusions to which no response is required. To the extent that any response is required, Defendants deny all allegations in Paragraph 35.

36. Paragraph 36 of the Complaint states legal conclusions to which no response is required. To the extent that any response is required, Defendants deny all allegations in Paragraph 36.

37. Paragraph 37 of the Complaint states legal conclusions to which no response is required. To the extent that any response is required, Defendants deny all allegations in Paragraph 37.

38. Defendants deny all allegations in Paragraph 38 of the Complaint.

## COUNT III

39. Defendants hereby incorporate and adopt Paragraphs 1-37 of this Answer as if fully set forth herein.

40. Defendants admit that, when he posted the news report in question on Twitter, Mr. Schefter was an employee of ESPN and was acting within the scope of his employment. Defendants deny all remaining allegations in Paragraph 40 of the Complaint.

41. Defendants deny all allegations in Paragraph 41 of the Complaint.

42. Defendants deny all allegations in Paragraph 42 of the Complaint.

43. Defendants deny all allegations in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint states legal conclusions to which no response is required. To the extent that any response is required, Defendants deny all allegations in Paragraph 44.

Defendants deny each and every allegation in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Any publication challenged by the Complaint, including but not limited to "the Chart", is protected by the First Amendment of the United States Constitution and Art. I, Sec. 4 of the Florida Constitution.

### Third Defense

Plaintiff consented to the publication alleged in the Complaint.

### Fourth Defense

Plaintiff's claims are barred by the doctrine of estoppel because he authorized the publication alleged in the Complaint.

### Fifth Defense

Plaintiff's claims are barred by the doctrine of waiver because he authorized the publication alleged in the Complaint, and subsequently authorized the release of graphic images of his medical condition to *Sports Illustrated.*

## Sixth Defense

Defendants did not cause any injury or damages to Plaintiff, and Plaintiff cannot recover against Defendants for injuries caused by any other party, including himself.

## Seventh Defense

Plaintiff has failed to mitigate his damages as required by law.

Defendants further reserve the right to amend this Answer if, upon future investigation and/or discovery, there are additional defenses that may be warranted and allowed by law.

**WHEREFORE**, Defendants respectfully request that:

1. Judgment be entered in their favor, and the Complaint against them be dismissed with prejudice;

2. Defendants be awarded their costs, disbursements, and attorneys' fees; and

3. The Court grant Defendants such further and other relief as is just and proper.

Dated:  September 12, 2016                Respectfully submitted,

THOMAS & LoCICERO PL
401 SE 12th Street, Suite 300
Fort Lauderdale, FL  33316
Phone:  (954) 703-3416
Fax:  (954) 400-5415
*Attorneys for Defendants*

By: */s/ Deanna K. Shullman*
   Deanna K. Shullman
   Florida Bar No. 514462
   Allison S. Lovelady
   Florida Bar No. 70662

-and

Nathan Siegel *(admitted pro hac vice)*
Adam Lazier (*admitted pro hac vice*)
LEVINE SULLIVAN KOCH & SCHULZ LLP
1899 L Street, NW  Suite 200
Washington, DC 20036
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer of Defendants ESPN, Inc. and Adam Schefter was served by CM/ECF on **September 12, 2016** on all counsel in the below service list.

/s/ *Deanna K. Shullman*
Deanna K. Shullman

## SERVICE LIST

John C. Lukacs, Sr., Esq.
jlukacs@hinshawlaw.com
Hinshaw & Culbertson LLP
2525 Ponce de Leon Blvd
4th Floor
Coral Gables, Florida 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063

Mitchell Schuster, Esq.
ms@msf-law.com
Kevin Fritz, Esq.
kaf@msf-law.com
Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: 212-655-3570
Facsimile:  212-655-3535